**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WARREN LEROY MILLER,

               Petitioner - Appellant,

    v.

BRIAN BELLEQUE,

               Respondent - Appellee.

No. 09-35971

D.C. No. 3:07-cv-00169-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted December 7, 2010[**]
Seattle, Washington

Before: O'SCANNLAIN, and TALLMAN, Circuit Judges, and EZRA, District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Miller claims that his Sixth Amendment rights were violated when his trial counsel, Janet Boytano, failed to investigate Debbie Barreras and failed to locate other girls who had lived in Barreras's foster home.

To prevail on a Sixth Amendment claim, Miller must demonstrate that his counsel's performance was deficient and that he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 690–92 (1984). The state post-conviction review ("PCR") court found that Miller's evidence demonstrated, at most, that Boytano knew that one other girl who had previously lived with Barreras had made false accusations of sexual abuse. The PCR court's factual findings are entitled to deference, and we conclude that they are not unreasonable in light of the evidence. *See* 28 U.S.C. § 2254(e)(1). Given its findings, the PCR court's conclusion—that Boytano's failure to investigate was not deficient—was a reasonable application of *Strickland*. *See id*. § 2254(d).

Because Miller has failed to demonstrate that Boytano's performance was "professionally unreasonable," we need not decide whether Miller was prejudiced by Boytano's failure to investigate. *See Strickland*, 466 U.S. at 691.

AFFIRMED.